PROB 12C
(Rev. 2011)

# United States District Court
for
Middle District of Tennessee

## 3rd Supplemental Petition for Warrant or Summons
## for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 75]

Name of Offender: <u>Alfonzo Corley</u>  Case Number: <u>3:06-00234-01</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>May 5, 2008</u>

Original Offense: <u>Convicted Felon in Possession of Firearms.</u>

Original Sentence: <u>60 months' imprisonment followed by 3 years' supervised release.</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>October 3, 2012</u>

Assistant U.S. Attorney: <u>Philip Wehby</u>  Defense Attorney: <u>Ronald C. Small</u>

## PETITIONING THE COURT
☐ To issue a Summons.
☐ To issue a Warrant.
■ To Consider Additional Violation / Information.

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ Other _consider addendum to violation. The hearing is set for August 23, 2013 at 4:00 pm_

Considered this ___ day of
_____, 2013, and made a part of
the records in the above case.

_____
Honorable William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the
foregoing is true and correct. Respectfully
submitted,

_____
Lisa A. Capps
Sr. U.S. Probation Officer

Place  Columbia, TN

Date  August 6, 2013

## ALLEGED VIOLATIONS

**The information provided in the previous petition, filed as docket entry No. 75, has been amended as follows:**

**Violation No. 7 has been added detailing the offender's positive drug screens on June 24, 2013, July 22, 2013, and August 5, 2013.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
| --- | --- |

1. **The defendant shall not commit another federal, state or local crime:**

   On February 20, 2013, in Davidson County, Tennessee, Alfonzo Corley did allegedly commit the crime of Simple Possession of Cocaine, a class A misdemeanor, in violation of Tennessee Code Annotated 39-17-418, and Possession of Drug Paraphrenalia, a class A misdemeanor, in violation of Tennessee Code Annotated 39-17-425(a). According to Officer Richard Huddleston with the Metropolitan Nashville Police Department (MNPD), while on routine patrol, he initiated a traffic stop in which Alfonzo Corley was the passenger of the vehicle. The vehicle was stopped at 160 McGavock Pk, Nashville, Tennessee, because the driver failed to stop while entering traffic from a private drive. The driver was identified as Jamaal Sawyers. Mr. Sawyers did not have a valid driver's license. Mr. Sawyers stated that Mr. Corley was his roommate and that they needed to go to a liquor store before it closed. Mr. Sawyers gave officers consent to search his vehicle. A search of the vehicle revealed several small crumbs of a white rock-like substance that field tested positive for cocaine base as well as a glass smoking pipe with burned residue. Both subjects were read their Miranda Rights and under Miranda neither claimed ownership to the narcotics nor the drug paraphernalia. Mr. Corley and Mr. Sawyers both received misdemeanor state citations. The vehicle did not belong to either subject and Mr. Sawyers stated that the owner must have left the contraband in the vehicle. Officer Huddleston indicated that Mr. Corley appeared to become irrate demanding to see the evidence that was seized. He called dispatch and asked for a supervisor to respond to the scene. Mr. Sawyers calmed Mr. Corley down prior to Sgt. Blaisdell's arrival. **Mr. Corley has a trial date for the citations on October 2, 2013.**

2. **The defendant shall not commit another federal, state or local crime:**

   On February 22, 2013, in Davidson County, Tennessee, Alfonzo Corley did allegedly commit the crime of Possession Without a Prescription, Legend Drugs, a class C misdemeanor, in violation of Tennessee Code Annotated 53-10-105, and No Driver's License, a Class B misdemeanor, in violation of Tennessee Code Annotated 55-50-301. According to the citations, Officer Matthew Carson with the Metropolitan Nashville Police Department stopped Mr. Corley for having both rear taillights out when lights are required. Mr. Corley was asked for his driver's license and he handed the officer a Tennessee ID only. Officer Carson checked the status of Mr. Corley's license and it showed he was eligible for reinstatement. The officer asked for consent to search the vehicle, which was granted. In the rear of the vehicle, in a plastic container, was a plastic bag with five white pills. The officer used a pill identifier and found the pills to be Ciprofloxacin Hydrochloride. The pills require a prescription and there was no bottle for them. Mr. Corley is currently out on a $2,000 bond. **He has a trial date scheduled for October 2, 2013.**

3.  **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

    On February 6, 2013, Mr. Corley submitted a urine screen that tested positive for cocaine.

4.  **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

    On March 29, 2013, Alfonzo Corley associated with a convicted felon.

5.  **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

    On April 23, 2013, Mr. Corley submitted a urine screen that tested positive for marijuana. Mr. Corley initially denied use, but later admitted that he had used marijuana.

6.  **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

    On May 13, 2013; May 23, 2013; and June 3, 2013, Mr. Corley submitted urine screens that tested positive for marijuana. Mr. Corley initially denied use, but later admitted that he had used marijuana prior to the urine screen on May 23, 2013. He denied any new use regarding the other two urine screens.

7.  **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

    On June 24, 2013, July 22, 2013, and August 5, 2013, Mr. Corley submitted urine screens that tested positive for marijuana. Mr. Corley initially denied any new use. The urine screen submitted on August 5, 2013, was also positive for cocaine and has been sent to Alere Laboratories for confirmation.

## Compliance with Supervision Conditions and Prior Interventions:

Alfonzo Corley is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since October 3, 2012. He is currently unemployed and lives with his grandmother in Nashville, Tennessee. The probation officer completes frequent surprise home visits at the offender's residence.

Mr. Corley was referred for outpatient drug treatment and an assessment was completed at Centerstone, in Madison, Tennessee, on January 16, 2013. It was recommended that Mr. Corley begin attending the Low-Intensity Outpatient Program (LIOP) twice monthly. Participants in the LIOP engage in bi-weekly group drug treatment sessions. **In February 2013, Mr. Corley was increased to Phase 1 (weekly) due to recent urine screens.** In addition, Mr. Corley is enrolled in the U.S. Probation drug testing program at the most intensive level.

On February 6, 2013, Mr. Corley submitted a urine screen that tested positive for cocaine. When questioned about the positive urine screen, Mr. Corley denied using the substance, and indicated he had been at a club on Murfreesboro Road, Nashville, Tennessee, with some friends who were using the substance and may have touched cocaine that was on the table. Mr. Corley was reprimanded for using illegal drugs, and advised that a violation petition would be submitted to the Court.

On February 21, 2013, Mr. Corley notified this officer of his contact with MNPD the night before, and that he was cited for possession of crack cocaine and possession of drug paraphernalia. When questioned, he indicated that he had been with his cousin, Jamal Sawyers on their way to a liquor store, when his cousin was stopped for a traffic violation. He denied that the drugs or paraphernalia found in the vehicle belonged to him, and advised that the vehicle belonged to another individual. Mr. Corley was verbally reprimanded and re-instructed as to the conditions for not possessing illegal drugs and not to commit any new crimes. On February 22, 2013, this officer amended the program plan for Centerstone to increase the offender's substance abuse counseling to Phase 1, the most intensive level.

When questioned about the contact with MNPD on February 22, 2013, Mr. Corley stated he was pulled over on a traffic stop and was using another individual's truck. When the officer searched the vehicle he found pills in the glovebox that were still in a bottle, but they didn't belong to Mr. Corley. He stated the bottle belonged to "Wylie," the guy who owns the vehicle. Mr. Corley stated he was arrested and is currently out on bond. He was again reprimanded and re-instructed as to his conditions regarding possession of illegal drugs. The offender's term of supervision is scheduled to expire on October 2, 2016.

On May 24, 2013, this officer questioned Mr. Corley about the positive urine screen on May 23, 2013. He admitted that he had used marijuana after his release from Meherry General Hospital on May 17, 2013. Mr. Corley provided paperwork showing he was in the hospital after suffering a minor heart attack and had two stents placed in his arteries. He denied any new use concerning the positive urine screens on May 13, 2013, and June 3, 2013.

**On August 1, 2013, this officer talked with Mr. Corley about the recent positive urine screens, and he admitted that he had still been using marijuana, but was not going to use anymore. He also advised that he did not have transportation to get to the U.S. Probation Office on that date to submit a random urine screen and was excused by this officer. On August 5, 2013, Mr. Corley admitted that he had used marijuana approximately two weeks prior, but denied any use of cocaine.**

**During his period of supervision, Mr. Corley has submitted 20 random urine screens, of which 15 have been negative.**

<u>U.S. Probation Officer Recommendation:</u>

**It is respectfully requested that the additional violations be considered at the revocation hearing which has not been scheduled. The U.S. Attorney's Office is agreeable with this recommendation.**

Approved: /s/ Burton Putman
Burton Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. ALFONZO CORLEY, CASE NO. 3:06-00234-01

**GRADE OF VIOLATION:** C  
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C) *18 U.S.C. § 3583(e)(3)* | 7-13 months U.S.S.G. § 7B1.4(a) | none |
| **SUPERVISED RELEASE:** | 3 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years U.S.S.G.§ 5D1.2(a)(2) | none |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection(d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release., 18 U.S.C. § 3583(g)(3). The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon revocation of supervised release, the defendant faces imprisonment of up to two years, pursuant to 18 U.S.C. §3583(e)(3).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Lisa A. Capps
Sr. U.S. Probation Officer

Approved:

Burton Putman
Supervising U.S. Probation Officer